# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | CASE NO. 1:10-CV-02380-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| JAMES A. YATES, et al., | (DOC. 1) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.    Background**

Plaintiff Brady K. Armstrong ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 22, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary Of Complaint

Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: James Yates, warden; R. H. Trimble, warden (A); M.C. Davis, captain of C facility; medical doctor R. Ferro; R. Hansen, associate warden responsible for Americans With Disabilities Act ("ADA") prisoners; S. Dishman, registered nurse; T. Griffin, senior registered nurse; M. Gastelum, office assistant for the mailroom; D. Stone, correctional sergeant; Ray Galaviz, associate warden of central operations; D. B. Petrick, senior hearing officer; J. Mattingly, acting chief executive officer; R. Shannon, inmate appeals coordinator; D. D. Reeves, correctional sergeant of administrative segregation unit ("ASU"); Sparks, Aguerralde, J. Meyst, M. Martinez, B. Davi, and T. Ramos, prison guards; L. Ybarra, lieutenant; and Kanu, licensed vocational nurse ("LVN").

Plaintiff alleges the following. Plaintiff arrived at PVSP on February 6, 2006. Compl. ¶ 32. Plaintiff filed an inmate appeal regarding ongoing pain in his fingers, back, and neck. This grievance was denied at the Director's level on June 30, 2006. Plaintiff attaches the grievance and incorporates it by reference. Compl., Ex. 1, PVSP 06-00536.

Plaintiff filed another inmate grievance regarding being placed in the same cell with a violent inmate, who attacked Plaintiff. Compl. ¶ 33. Plaintiff is mobility-impaired, and requested a wheelchair, MRI, and follow-up with an eye doctor. Defendants Ferro and Hansen partially denied this grievance. This grievance was denied at the Director's level on October 12, 2006. Plaintiff attaches the grievance and incorporates it by reference. Compl., Ex. 2, PVSP 06-

1  01421.

2  On May 25, 2006, Plaintiff filed an inmate grievance concerning violation of Title 15 of
3  the California Code of Regulations. Compl. ¶ 34. Plaintiff attaches the grievance and
4  incorporates it by reference. Compl., Ex. 3, PVSP 06-01733. Plaintiff names Defendants
5  Grannis and Hudson as liable. Based on the submitted grievance, Plaintiff complains that
6  Defendants rejected his inmate grievance at the Director's level review. Plaintiff had complained
7  that after he was charged with a CDC 115 Serious Rules Violation, he was not provided a staff
8  investigator.

9  Plaintiff contends that Defendant S. Dishman interfered with Plaintiff's medical visit on
10 May 30, 2006. Compl. ¶ 35. Doctor Ramirez had requested Plaintiff's medical file, and
11 Defendant Dishman attempted to search for Plaintiff's file, but intentionally failed to find it.
12 Plaintiff attaches the grievance and incorporates it by reference. Compl., Ex. 4, PVSP 06-01640.
13 Plaintiff also names as Defendants N. Grannis, T. Griffin, and J. Mattingly.

14 Plaintiff filed an inmate grievance on July 10, 2006, contending that Defendants M.
15 Gastelum, D. Stone, J. Mattingly, and R. Galaviz violated Plaintiff's access to the courts.
16 Compl. ¶ 36. Plaintiff grieved alleged denial of access to the courts when a letter was ripped
17 open and not mailed. Plaintiff attaches the grievance and incorporates it by reference. Compl.,
18 Ex. 5, PVSP 06-02031.

19 Plaintiff filed an inmate grievance about being charged with battery on an inmate.
20 Compl. ¶ 37. Plaintiff names Defendants N. Grannis, J. Mattingly, M. C. Davis, James A. Yates,
21 R. Shannon, D. B. Petrick, R. H. Trimble, and R. Ladd as liable. Plaintiff specifically contends
22 that Defendant Davis never interviewed Plaintiff prior to his placement in administrative
23 segregation ("ad seg"), in violation of due process. Plaintiff contends that Defendant R. Ladd
24 submitted a biased and prejudice rules violation report. Plaintiff contends that he received loss of
25 good time credit, and increased custody points, resulting in Plaintiff not being housed in lower
26 custody CDCR program housing. Plaintiff attaches the grievance and incorporates it by
27 reference. Compl., Ex. 7, PVSP 06-02350. Plaintiff alleges violations of due process and cruel
28 and unusual punishment.

3

1    Plaintiff filed an inmate grievance on August 20, 2006, concerning a defective shower
2 chair in the ASU Unit, which flipped over, causing injury to Plaintiff. Compl. ¶ 38. Plaintiff
3 attaches the grievance and incorporates it by reference. Compl., Ex. 9, PVSP 06-02416.
4    Plaintiff filed an inmate grievance on May 21, 2009, complaining that Defendant J. Meyst
5 used abusive language to Plaintiff. Compl. ¶ 39. Plaintiff attaches the grievance and
6 incorporates it by reference. Compl., Ex. 10, PVSP 09-1134.
7    Plaintiff filed an inmate grievance on June 10, 2009, concerning Defendant S. Dishman
8 attempting to harm Plaintiff by providing Plaintiff with another inmate's medication, as
9 retaliation for Plaintiff filing a lawsuit against Defendant Dishman. Compl. ¶ 40. Plaintiff
10 suffered severe chest pain, dizziness, violent nausea, and stomach sickness. Plaintiff attaches the
11 grievance and incorporates it by reference. Compl., Ex. 11, PVSP 09-13479.
12    On December 17, 2009, Plaintiff suffered a diabetic medical condition, an urge to urinate.
13 Compl. ¶ 43. There were no CDCR employees and no state prisoners in front of C1 building,
14 where Plaintiff urinated into a trash can bag. Defendant M. Martinez exited the building and
15 asked Plaintiff what he was doing. Defendant then requested Plaintiff to stop. Plaintiff told him
16 that he could not, or he would be forced to urinate on the ground. Plaintiff was alone and
17 ambulating in his wheelchair without assistance. Defendant Martinez then ordered Plaintiff to
18 the C-facility program office. Plaintiff explained the situation to Defendant B. Davi. Defendant
19 Davi found this explanation reasonable and assessed Plaintiff only a three-day confined to
20 quarters status. Defendants Aguerralde, Martinez, Davi, Ybarra, Spears, and Montano then had a
21 meeting of the minds and conspired to place Plaintiff in the ASU for ninety days due to Plaintiff
22 filing staff misconduct complaints against PVSP employees.
23    On December 31, 2009, Plaintiff filed a grievance against Defendant T. Ramos for
24 allegedly "botching" the investigation while serving as Plaintiff's investigative employee.
25 Compl. ¶ 29. Plaintiff attaches a grievance in support. Compl., Ex. 17.
26    On February 11, 2010, Plaintiff filed a grievance concerning being falsely accused of
27 indecent exposure. Compl. ¶ 42. On February 18, 2010, Plaintiff filed a complaint concerning
28 Defendant M. Perry wrongfully finding Plaintiff guilty. Compl. ¶ 41. Defendants Perry and

1  Martinez destroyed, trashed, or screened out Plaintiff's grievances before they could be properly
2  filed.  Plaintiff attaches the grievance, which was screened out, and a letter to the Office of
3  Internal Affairs, and incorporates it by reference.  Compl., Exs. 12, 13, and 14.

4      On January 22, 2010, Plaintiff filed an inmate grievance concerning intentional theft of
5  Plaintiff's property by Defendant J. Aguerralde.  Defendant Aguerralde inventoried Plaintiff's
6  property and seized Plaintiff's adapter and cassette/radio player without cause.  Plaintiff contends
7  it was done because of Plaintiff's race and because Plaintiff had filed an inmate grievance against
8  him.  Plaintiff contends that Defendant Aguerralde had a meeting of the minds with Defendant L.
9  Ybarra to deprive Plaintiff of his property.  Plaintiff attaches two grievances concerning this
10 incident, and incorporates them by reference.  Compl., Exs. 15, 16.

11     Plaintiff requests as relief monetary damages, and an injunction 1) removing Plaintiff to
12 federal custody, 2) allowing Plaintiff to interview all potential cell mates prior to being housed
13 with him, 3) Plaintiff be reinstated to single cell housing, and 4) all future medical care be
14 provided off-site.  Plaintiff also requests attorney's fees.

15 **III.    Analysis**

16     **A.    Res Judicata**

17     The Court takes judicial notice that Plaintiff's claims concerning all activities in 2006
18 were previously litigated and adjudicated on July 13, 2010.  *See Armstrong v. Yates, et al.*, Case
19 No. 1:08-cv-00487-WHA (PR).  "Plaintiffs generally have 'no right to maintain two separate
20 actions involving the same subject matter at the same time in the same court and against the same
21 defendant.'"  *Adams v. Cal. Dept. of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting
22 *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).  After careful review of the
23 record, the Court finds that this action is barred by claim preclusion and is proceeding on many
24 claims previously brought in another case, *Armstrong v. Yates, et al.*, Case No. 1:08-cv-00487-
25 WHA (PR).  Claim preclusion (res judicata) pertains to "'the effect of a judgment in foreclosing
26 litigation of a matter that never has been litigated, because of a determination that it should have
27 been advanced in an earlier suit . . .'"  *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 553
28 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1

(1984)); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit.") (quoting *Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

The claims in *Armstrong v. Yates*, 1:08-cv-00487-WHA, are the same as the claims raised here regarding the alleged incidents in 2006. A final judgment on the merits was reached on July 13, 2010, with summary judgment granted for several claims, and other claims dismissed for failure to state a claim. Finally, privity between the parties is the same, as the same Defendants were named in that case and here regarding the same claims. Plaintiff additionally names Ladd and Grannis as Defendants. Plaintiff's claims against them are the same as the claims against the other Defendants, as all were employed by CDCR and thus are in privity. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 2003).

Plaintiff is precluded from bringing these same claims in a different lawsuit. Accordingly, Plaintiff's claims arising in 2006 are barred under res judicata.

### B. Abusive Language

Plaintiff complains that Defendant J. Meyst used abusive and foul language with Plaintiff. Plaintiff fails to state a claim, as "verbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.3d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).

### C. Medical Care and Retaliation

Plaintiff complains that Defendant S. Dishman intentionally provided Plaintiff with another inmate's medication, and then provided Plaintiff with his own medication, resulting in Plaintiff suffering severe chest pain, dizziness, violent nausea, and stomach sickness. Plaintiff contends this was done in retaliation for Plaintiff filing a lawsuit against Defendant Dishman.

1    The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does
2 not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
3 citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an
4 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
5 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
6 indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
7 *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
8 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
9 must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*
10 *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]
11 an excessive risk to inmate health or safety . . . ." *Id.* at 837.
12    "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under
13 this standard, the prison official must not only 'be aware of the facts from which the inference
14 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
15 inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
16 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
17 matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
18 1188 (9th Cir. 2002)).  Here, Plaintiff states an Eighth Amendment claim against Defendant
19 Dishman.
20    Allegations of retaliation against a prisoner's First Amendment rights to speech or to
21 petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th
22 Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*
23 *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First
24 Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some
25 adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
26 such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
27 not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-
28 68 (9th Cir. 2005).  Here, Plaintiff states a First Amendment retaliation claim against Defendant

1  S. Dishman.

2  **D.     Ad Seg and Rules Violation Report**

3  Plaintiff complains that Defendants Aguerralde, Martinez, Davi, Ybarra, Spears, and
4  Montano conspired to place Plaintiff in ad seg for ninety days on a false charge of indecent
5  exposure. Plaintiff complains that Defendant Perry wrongfully found Plaintiff guilty, and
6  complains that Defendants Perry and Martinez prevented Plaintiff from filing inmate grievances
7  about their alleged misconduct.[1]

8  When a prisoner is placed in ad seg, prison officials must, within a reasonable time,
9  conduct an informal, non-adversary review of the evidence justifying the decision to segregate
10 the prisoner. *Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds*,
11 *Sandin v. Conner*, 515 U.S. 472 (1995). Before review, the prisoner must receive some notice of
12 the charges and be given an opportunity to respond. *See Hewitt*, 459 U.S. at 476; *Mendoza v.*
13 *Blodgett*, 960 F.2d 1425, 1430 (9th Cir. 1992), *abrogated in part on other grounds*, *Sandin*, 515
14 U.S. 472; *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *abrogated in part on*
15 *other grounds*, *Sandin*, 515 U.S. 472. The prisoner is not entitled to "detailed written notice of
16 charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a
17 written decision describing the reasons for placing the prisoner in administrative segregation."
18 *Toussaint*, 801 F.2d at 1100-01 (citations omitted).

19 Plaintiff fails to state a claim for violation of due process. Plaintiff was placed in ad seg
20 on the charge of indecent exposure. Based on the submitted exhibits, Plaintiff was provided with
21 notice as to why he was being placed in ad seg. There was thus no violation of due process.

22 Plaintiff fails to state a claim for retaliation in violation of the First Amendment. Based
23 on the submitted exhibits, Plaintiff was placed into ad seg for indecent exposure, as Plaintiff was
24 found to be a threat to institutional security for his conduct. Institutional security is a legitimate

---

[1] To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff makes no allegations against Defendant Kanu, and it is unclear from Plaintiff's submitted exhibits what Defendant Kanu did that allegedly violated Plaintiff's constitutional rights. Plaintiff thus fails to state a claim against Defendant Kanu.

8

penological interest. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Placing Plaintiff in ad seg thus reasonably advanced a legitimate penological goal. *Rhodes*, 408 F.3d at 567-68.

Plaintiff fails to state an Eighth Amendment claim for his placement in ad seg. Plaintiff fails to allege how any Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety by placing him in ad seg. *Farmer*, 511 U.S. at 837.

Plaintiff also fails to allege a conspiracy to violate his constitutional rights. First, Plaintiff fails to allege a constitutional violation occurred. Even if Plaintiff had alleged a constitutional violation, Plaintiff failed to allege a conspiracy. A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* (internal quotations and citations omitted); *see Iqbal*, 129 S. Ct. at 1949. As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

Plaintiff complains that Defendant Perry wrongfully found Plaintiff guilty of indecent exposure. The Due Process Clause protects prisoners from being deprived of liberty without due

9

process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin*, 515 U.S. at 483-84. Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. Due process is satisfied if some evidence supports the decision. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003).

Plaintiff does not state a claim for a procedural due process violation, as he was provided sufficient procedural due process. As to the sufficiency of the evidence, based on the exhibits incorporated into the complaint, Plaintiff was found guilty of indecent exposure when Defendant Martinez observed Plaintiff urinating into a trash bag in front of C1 building. Plaintiff does not actually deny that this occurred. However, Plaintiff contends that there were extenuating circumstances, namely Plaintiff's medical condition. Pursuant to Chapter 5, Article 25 of the Department Operations Manual, Indecent Exposure is defined as "the willful and lewd exposure of a person, or the private parts thereof, in any public place or in any place where there are present other persons to be offended or annoyed thereby," Cal. Penal Code § 314. Based on Plaintiff's admissions and Defendant Martinez's report, Plaintiff exposed his penis for the

purposes of urinating into a trash bag in front of C1 building, and did not stop when commanded by correctional officers. There is some evidence to support Defendant Perry's finding that Plaintiff committed the violation of indecent exposure. Plaintiff thus fails to state a claim against Defendant Perry.

Plaintiff fails to state a claim against Defendant T. Ramos. Based on the submitted exhibits, Defendant Ramos acted as Plaintiff's investigative employee regarding the rules violation report for indecent exposure. Plaintiff contends that Defendant Ramos failed to properly pose questions to Plaintiff's requested witnesses. Plaintiff fails to explain how Defendant Ramos violated Plaintiff's constitutional rights. Defendant Ramos posed Plaintiff's questions to various inmate witnesses, who all provided answers to those questions. Defendant Ramos then submitted his report. It appears that Plaintiff's main issue with Defendant Ramos was that Defendant Ramos had not asked questions of staff witnesses for the hearing, including sergeant Davi and officer Daley. However, Sergeant Davi and officer Daley did appear at the hearing by speaker phone. Plaintiff was able to pose questions at the hearing, to which these staff witnesses provided responses. Plaintiff thus was provided procedural due process and fails to state a claim against Defendant Ramos.

Plaintiff also fails to state a claim regarding the failure to process his inmate grievances against Defendants Martinez and Perry. Based on the exhibits submitted and incorporated by reference, Plaintiff's grievances were screened out twice, once for failure to attach legible copies of all relevant documents, and again for failure to explain why Plaintiff's inmate appeal was untimely. While Plaintiff is entitled to file inmate grievances, *Bruce*, 351 F.3d at 1288, he is not entitled to a specific inmate grievance procedure, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Thus, Plaintiff fails to state a claim here.

### E. Deprivation of Property

Plaintiff complains that Defendant Aguerralde deprived Plaintiff of his property without cause, and that Defendant Ybarra conspired with Defendant Aguerralde to do so. Plaintiff also contends that this was done in retaliation for Plaintiff filing inmate grievances.

Plaintiff fails to state a claim regarding the deprivation of his property. Prisoners have a

11

protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.  California provides such a remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).  Furthermore, if Plaintiff was provided with due process, Plaintiff fails to state a claim.

Here, Plaintiff alleges an unauthorized deprivation of property by Defendant Aguerralde. Plaintiff fails to state a due process claim.  *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17. Plaintiff does allege a cognizable retaliation claim against Defendant Aguerralde.  *Rhodes*, 408 F.3d at 567-68.  Plaintiff's bare allegations of conspiracy fails to state a claim against Defendant Ybarra.

### F.  Federal Rule of Civil Procedure 20(a)

Plaintiff has stated the following cognizable claims: 1) Defendant S. Dishman intentionally providing Plaintiff with another inmate's medication, resulting in harm to Plaintiff, which states a cognizable Eighth Amendment and retaliation claim, and 2) Defendant Aguerralde depriving Plaintiff of his property in retaliation for Plaintiff filing inmate grievances.

Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. Plaintiff's claim against Defendant Dishman arises from a different transaction or occurrence and contains different questions of law or fact than Plaintiff's claim against Defendant Aguerralde. Plaintiff may not proceed with both claims in this action.  Plaintiff will be required to choose only one cognizable claim in this action.  The other claim will be dismissed from this action, without prejudice to re-filing in a separate action.  If Plaintiff fails to choose one cognizable

claim, the Court will choose, and dismiss one claim without prejudice.

IV. **Conclusion And Recommendation**

Plaintiff's claims which allegedly occurred in 2006 should be barred pursuant to the doctrine of res judicata. Plaintiff fails to state a claim against Defendants Martinez, Davi, Ybarra, Spears, Montano, Perry, Meyst, Ramos, and Kanu. The Court finds that Plaintiff will not be able to cure the deficiencies identified, and further leave to amend should not be granted as to these claims. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Plaintiff states a cognizable claim against Defendant S. Dishman for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. Plaintiff states a cognizable claim against Defendant J. Aguerralde for retaliation in violation of the First Amendment. Plaintiff may not proceed with both these claims in this action, as it would violate Rule 20(a) of the Federal Rules of Civil Procedure. Plaintiff should be required to choose only one claim.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims which occurred in 2006 be DISMISSED pursuant to res judicata and Defendants Yates, Trimble, Davis, Ferro, Hansen, Griffin, Gastelum, Stone, Galaviz, Petrick, Mattingly, Shannon, Reeves, Ladd, and Grannis be dismissed from this action;

2. Plaintiff's claims against Defendants Martinez, Davi, Ybarra, Spears, Montano, Perry, Meyst, Ramos, and Kanu be DISMISSED with prejudice for failure to state a claim against them;

3. Plaintiff states a cognizable claim against Defendant S. Dishman for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment, and against Defendant J. Aguerralde for retaliation in violation of the First Amendment;

4. Plaintiff be ordered to respond, within fourteen (14) days from the date of service of the order adjudicating these Findings and Recommendations, and choose which one of the above two cognizable claims he wishes to proceed with in this action

and which he wishes to dismiss from this action without prejudice; and

5. Failure to timely choose will result in the Court choosing which claim will proceed in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 29, 2011**                          **/s/ Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE