# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | 1:10-cv-02380-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT S. DISHMAN (DOC. 33, 35) |
| v. | |
| JAMES A. YATES, et al., | ORDER DISREGARDING MOTION FOR ASSISTANCE WITH PLAINTIFF'S SERVICE OF DEFENDANT S. DISHMAN (DOC. 36) |
| Defendants. | |
| _____ / | |

     Plaintiff Brady K. Armstrong ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant S. Dishman for deliberate indifference in violation of the Eighth Amendment. On December 1, 2011, the Court directed the United States Marshals Service to serve process on Defendant S. Dishman. On December 30, 2011, the United States Marshal returned the summons unexecuted. Doc. 31. On January 5, 2012, the Court issued an order to show cause why this action should not be dismissed for failure to effect service of process. Doc. 32.

     Pending before the Court is: 1) Plaintiff's motion for extension of time to serve Defendant Dishman, filed January 25, 2012, 2) Plaintiff's motion for extension of time to provide the Court with evidence and serve Defendant Dishman, filed February 16, 2012, and 3) Plaintiff's motion for the Court to intervene and assist Plaintiff with service, filed February 21, 2012.

Plaintiff seeks to re-attempt service on Defendant S. Dishman.  Plaintiff contends that the prison litigation coordinator at Pleasant Valley State Prison, where Defendant Dishman was allegedly employed at the time of the incident in this action, failed to provide Defendant's last known address or new place of employment.  Plaintiff filed his requests to the litigation coordinator.  Plaintiff also filed a response by the litigation coordinator to Plaintiff's request.  Pl.'s Mot., Ex. A, Doc. 36.  The litigation coordinator declined to provide Plaintiff with Defendant Dishman's home address because it was confidential.  The litigation coordinator stated that Defendant Dishman is not currently employed at the prison, and the prison does not maintain forwarding information on previous employees.

The United States Marshal returned the USM-285 form with the unexecuted summons.  As it appears that the United States Marshal did not seek assistance from the Litigation Office at CDCR, the Court will order the Marshal to re-attempt service by separate order.  Plaintiff will be granted additional time for service of process.  Plaintiff's motion for the Court to intervene will be disregarded.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions for extension of time to serve process on Defendant Dishman, filed January 25, 2012 and February 16, 2012, are granted as stated herein; and
2. Plaintiff's motion for the Court's intervention, filed February 21, 2012, is disregarded.

IT IS SO ORDERED.

Dated: **March 16, 2012**        /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE