# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>            Plaintiff,<br><br>   v.<br><br>S. DISHMAN, et al.,<br><br>            Defendants. | Case No. 1:10-cv-2380 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>(Document 47) |

Plaintiff Brady K. Armstrong ("Plaintiff"), a California state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 22, 2010. Pursuant to the Court's November 2, 2011, order, the action is proceeding against Defendant S. Dishman for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. All other Defendants and claims have been dismissed.

Plaintiff filed a Motion for Default Judgment on January 22, 2013, and the matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendant Dishman has not appeared in this action or otherwise contacted the Court.

## I. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55(b)(2) provides:

>  (2)  By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has

1

appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue occurred while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP"). Defendant Dishman was a registered nurse at PVSP at the time of the events at issue.

Plaintiff alleges that on June 9, 2009, Defendant Dishman attempted to harm him by intentionally providing him with another inmate's medication, and then with his own medication. In his grievance, incorporated into the complaint by reference, Plaintiff explains that he told Defendant Dishman that he did not take the other inmate's medication, but she responded by stating that Plaintiff's doctor changed the medication and then forced him to take it. As a result, Plaintiff suffered severe chest pain, dizziness, violent nausea and stomach sickness. Plaintiff contends that this was done in retaliation for Plaintiff filing a prior lawsuit against Defendant Dishman in the United States District Court, Eastern District of California. Compl. ¶ 40, Ex. 11.

## III. DISCUSSION

Pursuant to the return of waiver of service filed with the Court on May 1, 2012, Defendant Dishman acknowledged receipt of the request for waiver of service and the complaint on March 29, 2012. ECF No. 41.

The Clerk of Court entered default against Defendant Dishman on November 9, 2012. ECF No. 46.

There is no indication that Defendant is an infant or incompetent person, or is in the military service or otherwise exempted under the Servicemembers Civil Relief Act of 2003.

Accepting the allegations in the complaint as true, the Court finds that Plaintiff would be entitled to relief for violations of both the Eighth Amendment and First Amendment.[1]

A. Eighth Amendment

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted). The needless suffering of pain may be sufficient to demonstrate further harm. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Here, Plaintiff alleges that Defendant Dishman forced him to take another inmate's medication, despite Plaintiff telling her that he did not take that medication. After making him take the other inmate's medication, she forced Plaintiff to take his own medication. As a result, Plaintiff suffered severe chest pain, dizziness, violent nausea and stomach sickness.

---

[1] The Court did not deem a hearing under Rule 55(b)(2) necessary.

3

These allegations are sufficient to demonstrate that Plaintiff would be entitled to relief under the Eighth Amendment.

### B. First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations that Defendant Dishman intentionally forced him to take another inmate's medication, and then his own, in retaliation for a prior lawsuit, are sufficient to demonstrate that he would be entitled to relief under the Fourteenth Amendment.

### C. Damages

Plaintiff's complaint establishes that he was subject to a single act by Defendant Dishman that caused physical injury.

Plaintiff requests $250,000.00 in damages. However, the Court finds that an award of $2,500.00 is appropriate. The award of nominal damages in section 1983 cases is mandatory as "symbolic vindication" of a plaintiff's constitutional rights, whether or not he has been physically injured. Schneider v. County of San Diego, 285 F.3d 784, 794 (9th Cir. 2002). "[N]ominal damages must be awarded if a plaintiff proves a violation of his constitutional rights." Estate of Macias v. Ihde, 219 F.3d 1018, 1028 (9th Cir. 2000).

## IV. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendant Dishman and in favor of Plaintiff, and RECOMMENDS that damages in the total amount $2,500.00 awarded.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. ' 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with these Findings and Recommendations, a party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 22, 2013**              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

5